# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

          Plaintiff,      :      Case No. 1:17-cr-84
                                              Also 1:20-cv-486

                                              District Judge Susan J. Dlott
- vs -                                      Magistrate Judge Michael R. Merz

MIGUEL CHILES,

          Defendant.      :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 97), brought with the assistance of counsel. After initial review, the undersigned ordered the Government to Answer and it has done so (ECF No. 100). In the Order for Answer, the Magistrate Judge set a deadline of twenty-one days after the Answer for Defendant to file a reply (ECF No. 99, PageID 210). That time has expired and no reply has been filed. The case is therefore ripe for decision on the Motion and Answer (Response).

Chiles claims he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019), and notes that the Sixth Circuit has held *Davis* applies to cases on collateral review (Motion, ECF No. 97, PageID 203, citing *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020). The United States opposes the Motion.

1

## Analysis

Chiles was indicted July 19, 2017, on charges of committing armed bank robbery on May 26, 2017, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 (Count 1)(Indictment, ECF No. 6, PageID 12). He was also charged with conspiracy to use a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(o)(Count 2), armed bank robbery on June 6, 2017 (Count 3), and actual use of a firearm in connection with the June 6, 2017, armed bank robbery in violation of 18 U.S.C. § 924(c)(Count 4) *Id.*

On November 2, 2017, Chiles agreed to plead guilty to Counts 1 and 4 (Plea Agreement, ECF No. 52, PageID 97). The parties agreed to a sentence of 184 months. *Id.* at PageID 99. Judge Dlott accepted the Plea Agreement and Chiles' guilty plea (ECF No. 59). After reviewing a Presentence Investigation Report, Judge Dlott imposed a sentence of two months less than that which had been agreed upon (Judgment, ECF No. 76, 82). Chiles took no appeal, but filed the instant Motion within one year of the decision in *Davis*.

*Davis* held 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence (the "residual" clause") is unconstitutionally vague. The Sixth Circuit had earlier reached the same conclusion in *United States v. Taylor,* 814 F.3d 340 (6th Cir. 2016). To obtain the benefit of *Davis*, a defendant would have to have been convicted of a crime of violence as that term was defined in § 924(c)(3)(B), the unconstitutional residual clause. *Davis* does not benefit Chiles because his predicate crime of violence is armed bank robbery under 18 U.S.C. §§ 2113(a) and (d). That crime is a crime of violence by virtue of § 924(c)(3)(A), the elements clause. Sections 2113(a) and (d) have been held by the Sixth Circuit to satisfy the elements clause. *In re Wilkerson,* 2020 U.S.App. LEXIS 14511 (6th Cir. May 6, 2020). *Wilkerson* is directly in point. There the Sixth Circuit held

"the holding in *Davis* has no effect on Wilkerson's convictions or sentence because § 2113(a) qualifies as a crime of violence under the use-of-force clause of 18 U.S.C. § 924(c)(3)(A). See *United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018), *cert. denied,* 139 S. Ct. 70, 202 L. Ed. 2d 47 (2018); see also *United States v. McBride,* 826 F.3d 293, 296 (6th Cir. 2016) (analyzing the use-of-force clause of USSG § 4B1.2(a)(1))." *Id.* at *2-3.

In sum, Chiles's claim is precluded by circuit precedent and should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 24, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

4